UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - AT SEATTLE

| | |
|---|---|
| CHRISTOPHER JUSTICE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AUTONATION, INC., RENTON H. IMPORTS, INC. d/b/a AUTONATION HONDA RENTON, a foreign corporation, and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | NO.<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>Superior Court for King County, Washington<br><br>NO. 24-2-22716-4 SEA |

Defendants AutoNation, Inc., Renton H. Imports, Inc. d/b/a AutoNation Honda Renton (collectively, "Defendants"), by and through their undersigned counsel, hereby give notice of removal of the above-referenced action from the Superior Court of Washington for King County to the United States District Court for Western District of Washington at Seattle. This removal is based on 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), and 28 U.S.C § 1441(a) and (b). It is timely under 28 U.S.C. § 1446. This Notice is supported by the accompanying Declarations of Catharine Morisset ("Morisset Decl.") and Declaration of Joseph Jackson in Support of Removal ("Jackson Decl.").



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

## I. BACKGROUND

On October 3, 2024, Plaintiff Christopher Justice ("Plaintiff"), on behalf of himself and all other similarly situated, filed a complaint entitled "Class Action Complaint for Discrimination" in the Superior Court of Washington State for King County entitled, *Chrisopher Justice v. AutoNation, Inc., et al.*, Case No. 24-2-22716-4 SEA ("Complaint"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, process, pleadings, and orders served upon Defendants are provided herewith. Morisset Decl., Exhibits 1-3. The allegations of the Complaint are incorporated by reference in this Notice and Petition for Removal without admission or agreement to the truth of any of them.

Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal to Federal Court, to which this Notice and Petition for Removal shall be attached, with the Clerk of the Superior Court of Washington for King County, from which this case was removed, and serve these documents on Plaintiff. Copies of the state court Notice of Removal to Federal Court are attached hereto as **Exhibit A**.

The Complaint purports to seek relief related to Washington's Equal Pay and Opportunities Act, RCW 49.58.110, which sets out requirements for job postings. Specifically, the Complaint seeks (1) statutory damages for alleged violations; (2) attorney's fees, (3) injunctive relief; and (4) declaratory relief.

## II. REMOVAL IS TIMELY

This removal is proper because "a defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a new and different ground for removal." *Fritsch v. Swift Transportation Co. of Arizona*, LLC, 899 F.3d 785, 789 (9th Cir. 2018) (internal citations omitted). A change of law constitutes such a subsequent event justifying successive removal. *Id.* The Washington Supreme Court's September 4, 2025 decision in *Branson v. Washington Fine Wine & Spirits, LLC*, 574 P.3d 1031 (2025). As explained below in Section IV.B, before *Branson*, the United States District



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

Court for the Western District of Washington held that plaintiffs like Mr. Justice lacked Article III standing because they failed to identify an injury to an interest protected by the statute they rely on, RCW 49.58.110. *Branson* clarified that the legislature intended to protect the injuries alleged by plaintiffs like Mr. Justice. This change of law makes this removal timely. Accordingly, this Notice and Petition for Removal has been filed within 30 days of the Washington Supreme Court's September 4, 2025 decision in *Branson*.

## III. <u>VENUE IS PROPER</u>

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. § 1441(a) and is properly set the district where the action is pending). This Court (the Western District of Washington) embraces the King County Superior Court, which is where Plaintiff's Complaint was originally filed. Accordingly, this Court is the appropriate federal district court to which to remove this action.

## IV. <u>SUBJECT MATTER JURISDICTION EXISTS</u>

As set out below, this action is removable per 28 U.S.C. § 1441(a) as it meets CAFA's requirements because: (a) it is a putative class action in which at least one Plaintiff is a citizen of a state different from a primary defendant, satisfying its minimal diversity requirements, (b) the proposed class is estimated to exceed 100 members, and (c) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Lastly, Plaintiff has alleged sufficient facts to establish Article III standing for jurisdictional purposes.

### A. Section 1332(d)(2) – CAFA Jurisdiction Exists.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

The Court clearly has jurisdiction under CAFA. "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusion of interests and costs." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015); 28 U.S.C. § 1332(d)(2) and (6). As the Ninth Circuit has noted, CAFA "significantly expanded federal jurisdiction in diversity class actions." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010). The Supreme Court has advised "that no antiremoval presumption attends cases invoking CAFA," in part because the statute was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Thus, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing remand of putative class action based on CAFA where the trial court improperly "put[] a thumb on the scale against removal and questioning its statement that removal "must be rejected if there was any doubt as to removal); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."). CAFA's prerequisites are clearly met here.

1. Plaintiff's Citizenship

According to Plaintiff's Complaint, he is a resident of Clark County, Washington. Complaint ¶ 15. Moreover, in the application Plaintiff submitted to AutoNation Honda Renton, he provided a Vancouver, Clark County, Washington home address. Jackson Decl. ¶ 5. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries*, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely.'" *Lew v. Moss*, 797



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

F.2d 747, 749 (9th Cir. 1986) (internal citation omitted). While no single factor controls, domicile may be determined through factors such as a person's current residence, voting registration and practices, location of property, bank accounts, and spouse and family, memberships, place of employment, driver's license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 750. Moreover, the Ninth Circuit has held that in satisfying minimal diversity, "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). Therefore, Plaintiff's submitted address and his own assertions in the Complaint show that he is a resident, citizen of, and domiciled in Washington state.

2. <u>Defendants' Citizenship</u>

A corporation is a citizen of its state of incorporation and where it has "principal place of business," or "nerve center"; that is, a corporation's principal place of business is the place where its "high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation may only have a singular "principal place of business," which is "typically" the corporation's "nerve center." *Id.*

- AutoNation Inc. is incorporated under the laws of Florida, and its principal place of business is its headquarters in Fort Lauderdale, Florida. Jackson Decl., ¶ 3.
- Renton H. Imports, Inc. d/b/a AutoNation Honda Renton is a Delaware corporation, and its principal place of business is in Renton, Washington, where the dealership is located. Jackson Decl., ¶ 4.

3. <u>Minimal Diversity Exists</u>

This case meets CAFA's diversity standard. CAFA only requires minimal diversity – that is, that any one plaintiff is a citizen of a different state than any one defendant. 28 U.S.C. §§ 1332(d)(2)(A) and 1453. *See also Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019). Minimal diversity exists for the reasons set out in Section IV.A.1. and 2.



FISHER & PHILLIPS LLP
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
(206) 682-2308

4. The Putative Class Exceeds 100 Individuals

CAFA requires at least 100 class members. 28 U.S.C. § 1332(d)(5)(B). In the Complaint, Plaintiff defines the class as:

> All individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with AutoNation Inc., and/or Renton H. Imports, Inc. where the job posting did not disclose a wage scale or salary range.

Complaint ¶ 41. Plaintiff alleges there are enough individuals who applied for jobs that "[j]oinder of all such individuals is impracticable." Complaint ¶ 43. Defendants have preliminarily calculated that the putative class includes at least 1,866 individuals who applied to Washington job postings who provided a Washington address during the putative class periods for purportedly non-compliant postings. Jackson Decl. ¶ 7.

5. Amount in Controversy under CAFA

For CAFA, the amount in controversy must meet or exceed five million dollars in **aggregate.** 28 U.S.C. § 1332(d)(2), (6). Although Defendants deny that Plaintiff or any punitive class member is entitled to any relief, the total "amount at stake in the underlying litigation" exceeds five million dollars (1,866 applicants x $5,000 = $9,330,000). Statutory damages and attorneys' fees authorized by statute are included. *See also e.g., Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771 – 73 (9th Cir. 2020) (alleged punitive damages are counted); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 – 94 (9th Cir. 2018) (statutory or actual attorney fees); *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911, 912 (10th Cir. 2016) (statutory damages). Attorney fees alone in a case such as this could reach over $3,000,000.

Defendants emphasize that this is not a liability concession, and a party need not make such a concession to remove under CAFA. *Lewis*, 627 F.3d at 400 (holding that the district court erred by effectively asking the defendant to admit that at least $5 million of the controversial billings were "unauthorized" within the meaning of the complaint). *See also*



FISHER & PHILLIPS LLP
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
(206) 682-2308

*Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (vacating order or remand where trial court seemed to impose a requirement that the defendant prove it actually violated the law at the assumed rate of violation in order to estimate the amount in controversy). Defendants have thus satisfied the CAFA thresholds to support removal.

**B. Article III Standing**

As noted above, *Branson v. Washington Fine Wine & Spirits, LLC* changed the law in assessing the zone of interests RCW 49.58.110 protects and in doing so, affirmed that Plaintiffs have Article III standing. 574 P.3d 1031 (2025).

Article III requires plaintiffs show they suffered an injury in fact to an interest within the zone the statute was intended to protect. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Before Branson, the United States District Court for the Western District of Washington held in some cases that the named putative class representative plaintiff failed to adequately plead facts to show Article III standing. *See e.g. Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1070 (W.D. Wash. 2024), *modified on reconsideration*, No. 23-CV-1742-BJR, 2024 WL 3199860 (W.D. Wash. June 26, 2024) (a "nominal [job] applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof. There is no risk of harm to someone browsing job postings with no intent to apply or with intent only to find those that have no compensation included so they can go through the motion of applying and then sue for the technical violation") ; *Wright v. HP Inc.*, No. 2:24-CV-01261-MJP, 2024 WL 4678268, at *3 (W.D. Wash. Nov. 5, 2024) ("But these allegations fail to show any actual harm against which the EPOA intends to protect. Particularly, Wright does not allege that she was offered an interview or that she engaged in any pay negotiations."). The District Court held that while plaintiffs applying to a deficient job posting without bona fide intent may suffer injury in wasting their time, RCW 49.58.110 was only "designed to prevent" such harm to bona fide applicants. *Kent v. HCL Techs. Ltd.*, No. C24-1332 MJP, 2024 WL 4825383, at *3 (W.D. Wash. Nov. 19, 2024). *See also Atkinson*



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

*v. Aaron's LLC*, 23-CV-1742-BJR, 2024 WL 2133358, at *9 (W.D. Wash. May 10, 2024) ("Plaintiffs must allege, at minimum, that they applied for the job with good-faith intent, and as such became personally exposed to the risk of harm caused by the violation.") But the District Court also recognized that the then-forthcoming Branson decision could implicate the Court's remand analysis: "while . . . Article III standing and state statutory standing are different, and that the Washington Supreme Court [in Branson] is focused on the latter, the analyses under both are undisputedly intertwined." *See Floyd v. Photon InfoTech Inc.*, C24-01372-KKE, 2024 WL 5075017, at *2–3 (W.D. Wash. Dec. 10, 2024 (citing *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1145 (9th Cir. 2024) (finding that an "economic injury" element of a California False Advertising Law violation is intertwined with an injury-in-fact analysis).

*Branson* held that RCW 49.58.110 is meant to protect all job applicants, regardless of their intent in applying. It also considered arguments that the job applicants who do not have a good faith intent to obtain employment lack statutory standing because they are not within the zone of interest protected by the statute and because they have not suffered an injury in fact, economic or otherwise." 574 P.3d at 1039 n. 7. While it declined to expressly address the standing argument, it "observe[d] that if a plaintiff meets the definition of job applicant, the plaintiff likely is within the protected zone of interest." *Id.*

Here, Plaintiff has alleged a sufficient injury-in-fact for the purpose of Article III standing: (1) he "applied for a job opening in King County, Washington with Defendants; (2) he "was qualified to perform the position for which he applied"; (3) although the "posting for the job opening [he] applied to did not disclose the wage scale," "[i]n working through the application, [he] expected at some point he would learn the rate of pay for the open position," however, he was forced to "complete the entire application without learning the rate of pay," losing valuable time; and (4) "[a]s a result of Defendants refusal to disclose the wage scale . . . [he] remains unable to evaluate the pay for the position and compare that pay to other



FISHER & PHILLIPS LLP
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
(206) 682-2308

available position in the marketplace, which ***negatively impacts [his] current and lifetime wages"*** and "***[his] ability to negotiate pay remains adversely affected***". Therefore, Plaintiff alleges that as a ***direct*** result of Defendants' discriminatory hiring practices he has "***experienced economic . . . harm***." Complaint ¶¶ 26-36.

Plaintiff's allegations go far beyond what the court in *Branson* held sufficient to bring a claim at the pleading stage under the EPOA – they also establish an injury-in-fact sufficient for Article III standing. Nevertheless, even though plaintiff has alleged sufficient standing for federal court jurisdiction, this does not mean that his allegations in the pleading will survive a Rule 12(b)(6) motion to dismiss (nor do they establish whether plaintiff is entitled to recover damages, represent a class, or survive summary judgment).

## V. NOTICE OF REMOVAL

In accordance with 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied. A copy of the Notice to State Court of Removal to Federal Court is attached as **Exhibit A**.

## VI. CONCLUSION

Subject matter jurisdiction exists under 28 U.S.C. § 1332(d) because there is minimal diversity of citizenship because at least one putative class member is a citizen of Washington, specifically Plaintiff, and AutoNation is a citizen of Florida. The putative class exceeds 100 members, and as pled, the aggregate amount in controversy exceeds the jurisdictional minimum. In addition, no CAFA exceptions apply. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Defendants have properly removed this Action to this Court. Defendants reserve, and do not waive, any objections it may have to jurisdiction, venue, and all other defenses or objections.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

DATED this 2nd day of October 2025.

FISHER & PHILLIPS LLP

By *s/Catharine M. Morisset*
Catharine M. Morisset, WSBA #29682

By *s/Jeremy Wood*
Jeremy Wood, WSBA #51803

By *s/Christina Shin*
Christina Shin, WSBA # 56151

FISHER & PHILLIPS LLP
1700 Seventh Avenue Suite 2200
Seattle, WA 98101
Email: cmorisset@fisherphillips.com
Email: jwood@fisherphillips.com
Email: cshin@fisherphillips.com
*Attorneys for Defendant AutoNation, Inc. and Renton H. Imports, Inc. d/b/a AutoNation Honda Renton*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under the laws of the state of Washington that on the date written below, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Rebecca L. Solomon, WSBA #51520
Kim D. Stephens, P.S., WSBA #11984
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Phone: (206) 682-5600
Fax: (206) 682-2992
Email: rsolomon@tousley.com
Email: kstephens@tousley.com

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
Hannah M. Hamley, WSBA #59020
Emery Reddy, PLLC
600 Stewart St., Suite 1100
Seattle, WA 98101
emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
hannah@emeryreddy.com
*Attorneys for Plaintiffs*

Executed on October 2, 2025, in accordance with 28 USC § 1746, at Seattle, Washington.

Jazmine Matautia



FISHER & PHILLIPS LLP
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
(206) 682-2308