UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER JUSTICE,<br><br>        Plaintiff,<br><br>v.<br><br>AUTONATION, INC., et al.,<br><br>        Defendants. | CASE NO. C25-1903JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court are (1) Plaintiff Christopher Justice's motion to remand this matter to state court (MTR (Dkt. # 9); Reply (Dkt. # 13)) and (2) Defendants AutoNation, Inc., and Renton H. Imports, Inc. d/b/a AutoNation Honda Renton's (together, "AutoNation") motion to amend its answer to Mr. Justice's complaint to add a counterclaim (MTA (Dkt. # 12)).  Each party opposes the other party's motion.  (MTR Resp. (Dkt. # 10); MTA Resp. (Dkt. # 19).)  The court has reviewed the parties' submissions, the relevant portions of the record, and the governing law.  Being fully

ORDER - 1

advised,[1] the court GRANTS Mr. Justice's motion to remand and DENIES as moot AutoNation's motion to amend.

## II.  BACKGROUND

Mr. Justice alleges that AutoNation and other yet unknown Washington entities (collectively, "Defendants") violated the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, by publishing defective job postings that did not disclose the wage scale or salary range being offered to the hired applicant.  (Compl. (Dkt. # 1-1) ¶¶ 1-2, 10.)  Mr. Justice initiated this putative class action in King County Superior Court on October 3, 2024.  (*See* Not. of Removal (Dkt. # 1) at 2.)  On October 2, 2025, AutoNation removed this case to this court, asserting that federal jurisdiction is proper based on 28 U.S.C § 1441(a) and (b) as well as the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), in light of the Washington Supreme Court's decision in *Branson v. Washington Fine Wine & Spirits, LLC*, 574 P.3d 1031 (Wash. 2025). (*Id.* at 3-9.)  On November 3, 2025, Mr. Justice moved to remand this action to state court for lack of Article III standing, and because CAFA's mandatory and discretionary exceptions apply.  (*See* MTR at 2.)

In *Branson*, the Washington Supreme Court addressed the question of what a plaintiff must prove to be considered a "job applicant" within the meaning of RCW 49.58.110(4)—and specifically, whether the applicant must prove they are a *bona fide* applicant.  *Branson*, 574 P.3d at 1034.  The Court held:

---

[1] The parties do not request oral argument, and the court concludes that oral argument is not necessary to decide the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

> A job applicant need not prove they are a 'bona fide' applicant to be deemed a 'job applicant.' Rather, in accordance with the plain language of RCW 49.58.110(4), a person must apply to any solicitation intended to recruit job applicants for a specific available position to be considered a 'job applicant,' regardless of the person's subjective intent in applying for the specific position.

*Id*. at 1040. Briefing on Mr. Justice's motion to remand is complete and the issue is ripe for the court's review.

### III.  ANALYSIS

A defendant may remove a case initially filed in state court to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). The court construes removal jurisdiction in favor of remand to protect state court jurisdiction. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). Because removal and subject matter jurisdiction statutes are "strictly construed," a "defendant seeking removal has the burden to establish that removal is proper." *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (citing *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)). If the plaintiff lacks Article III standing to pursue its case in federal court, the court must remand the case rather than dismiss it. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citation omitted).

The parties dispute whether Mr. Justice has Article III standing in this court. (*See* MTR at 5-13 (arguing Mr. Justice does not have standing because he failed to allege he was a *bona fide* applicant, or that that he engaged in pay negotiations or was offered an interview); *see* MTR Resp. at 8-19 (arguing Mr. Justice's complaint alleges a cognizable

informational injury because the EPOA creates a public right to information and asserting the denial of information under that type of statute establishes a concrete injury).) Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit[,]" *Warth v. Seldin*, 422 U.S. 490, 498 (1975), and standing requirements "can neither be waived by the parties nor ignored by the court[.]" *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 932 n.17 (9th Cir. 2011). In a challenge to Article III standing, "[t]he burden of showing that there is standing rests on the shoulders of the party asserting" that standing is proper in the case. *Smelt v. Cty. of Orange*, 447 F.3d 673, 682 (9th Cir. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

To establish standing and successfully challenge the motion to remand, AutoNation must show that Mr. Justice has suffered an injury-in-fact that is (1) concrete and particularized, (2) actual or imminent, (3) fairly traceable to Defendants' conduct, and (4) likely to be redressed by a favorable decision. *Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1180 (9th Cir. 2018), *as amended* (Apr. 18, 2018). To decide whether a statutory violation constitutes a concrete harm or injury-in-fact, the court considers (1) "whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights)" and (2) "whether the specific procedural violations alleged in [the] case actually harm, or present a material risk of harm to, such interests." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021).

//

The court concludes that AutoNation fails to meet its burden to show Mr. Justice has standing and that removal to this court is proper. *Smelt*, 447 F.3d at 682. AutoNation has not shown that Mr. Justice suffered an injury that was concrete and particularized or actual or imminent. *Lujan*, 504 U.S. at 560-61. AutoNation also has not shown that Mr. Justice has alleged a "material risk of harm[.]" *Magadia*, 999 F.3d at 679. Mr. Justice asserts that the withheld pay scale and wage range information, caused him to "los[e] valuable time," affected his "ability to negotiate[,]" and left him "unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts [his] current and lifetime wages." (Compl. ¶¶ 30-36.) However, these allegations do not demonstrate that Mr. Justice suffered any actual injuries that the EPOA was intended to prevent, such as unfair pay negotiations or wasting time in interviews. *See Hill v. ACV Auctions Inc.*, No. C25-0616MJP, 2025 WL 1582249, at *3 (W.D. Wash. June 4, 2025). Mr. Justice has not alleged that he was offered an interview, or that he engaged in any pay negotiations. (*See generally* Compl.) The time Mr. Justice "lost" in submitting his application is not an injury that the EPOA seeks to prevent or redress. *See Partridge v. Heartland Express Inc. of Iowa*, No. C24-5486DGE, 2024 WL 4164245, at *4 (W.D. Wash. Sept. 12, 2024) ("A generalized assertion of time lost, therefore, does not support Article III standing."); *see also Floyd v. Photon Infotech Inc.*, No. C24-01372KKE, 2025 WL 3442736, at *3 (W.D. Wash. Dec. 1, 2025) (observing that "a nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof") (internal quotation marks and citation omitted). Furthermore, the Washington Supreme Court's

decision in *Branson* does not change this court's Article III standing analysis. *See Floyd*, 2025 WL 3442736, at *3 (holding that *Branson* "did not purport to address whether an EPOA violation harms [job applicants'] concrete interests for Article III standing purposes") (citing *Branson*, 574 P.3d at 1040). Therefore, Mr. Justice has failed to identify a concrete and particularized injury sufficient to satisfy Article III standing.

AutoNation contends that the EPOA violation alleged in Mr. Justice's complaint asserts a cognizable informational injury that is itself sufficient for purposes of Article III standing because the EPOA is a public disclosure statute that creates "a right to information." (MTR Resp. at 13-14); *see also Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 825, 833 (9th Cir. 2021) (noting that when "a statute provides a right to information, the deprivation of which 'result[s] in an informational harm,' violation of the statute gives rise to a cognizable 'informational' injury") (citation omitted). The court is not persuaded by AutoNation's analogizing of the EPOA to cases addressing the Freedom of Information Act, the Federal Election Campaign Act, the Federal Advisory Committee Act, the Clean Water Act etc. (*Id*. at 11-15.) Courts have consistently found that "the statutory violation at issue here is distinctly different . . . . in cases such as these, there is no obvious analogue in the history of American courts and plaintiffs must allege some personal harm." *Spencer v. Walmart Inc.*, No. C23-1793BJR, 2025 WL 2910569, at *4 (W.D. Wash. Oct. 14, 2025) (citation omitted); *see Magadia*, 999 F.3d at 679 ("[A] procedural violation of an informational entitlement does not by itself suffice to keep a claim in federal court[;]" rather, the plaintiff must "allege at least that the information had some relevance to *her*.") (emphasis in original) (internal quotation marks and citation

omitted). "'Public-disclosure laws—sometimes called 'sunshine laws'—protect the public's interest in evaluating matters of concern to the political community." *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 338 (7th Cir. 2019). A violation of the "statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a bona fide applicant before there is a risk of harm." *Spencer*, 2025 WL 2910569, at *4. Thus, the court is not convinced that the doctrine of informational injury can be applied to the issue here.

      AutoNation argues that if Mr. Justice has failed to plead a concrete injury for Article III standing, then he does not have a state claim as well and the court should dismiss his complaint as futile. (Resp. at 17-19.) The court declines to do so. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded . . . Moreover, the district court generally *must* remand the case to state court, rather than dismiss it." *Polo*, 833 F.3d at 1196 (citations omitted) (emphasis in original). "[A] district court must have 'absolute certainty' that a state court would 'simply dismiss[] the action on remand.'" *Id*. at 1198 (citation omitted). Here, because the court is not "absolutely certain" that a state court would dismiss Mr. Justice's claim, it declines to dismiss the action at this time. *See Voivod v. Pyramid Theodore Mgmt. LLC*, C25-1927JHC, 2025 WL 3540918, at *1 (W.D. Wash. Dec. 10, 2025) (compiling cases). Thus, the court rejects AutoNation's request for dismissal.

//

AutoNation also contends that the court can look to AutoNation's own standing in determining jurisdiction because it has moved to assert a counterclaim under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"). (Resp. at 8; *see also* MTA.) The court is unpersuaded. In *Home Depot U.S.A., Inc. v. Jackson*, the Supreme Court emphasized that it "has long held" that "when determining whether [a district court] has original jurisdiction over a civil action, [it] should evaluate whether that action could have been brought originally in federal court." 587 U.S. 435, 441 (2019). The Supreme Court further held that 28 U.S.C. § 1441(a) "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id.* Thus, the court concludes that AutoNation's assertion of a counterclaim does not establish Article III standing in the instant matter.

Because AutoNation has not shown that Mr. Justice sufficiently alleged an injury-in-fact, it fails to establish Mr. Justice has Article III standing in this court. *Cal. Sea Urchin Comm'n*, 883 F.3d at 1180. Therefore, the court grants Mr. Justice's motion to remand.

//
//
//
//
//
//

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Justice's motion to remand (Dkt. # 9) and DENIES as moot AutoNation's motion to amend its answer to the complaint to add a counterclaim (Dkt. # 12).  This case is REMANDED to the King County Superior Court.

Dated this 16th day of January, 2026.

JAMES L. ROBART
United States District Judge