UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER JUSTICE, | CASE NO. C25-1903JLR |
| Plaintiff, | ORDER |
| v. | |
| AUTONATION, INC., et al., | |
| Defendants. | |

Before the court is Defendants AutoNation, Inc., and Renton H. Imports, Inc. d/b/a AutoNation Honda Renton's (together, "AutoNation") motion for reconsideration of the court's January 16, 2026 Order (1) granting Plaintiff Christopher Justice's motion to remand this matter to state court and (2) denying as moot AutoNation's motion to amend its answer to Mr. Justice's complaint to add a counterclaim. (MFR (Dkt. # 21); *see* 1/16/26 Order (Dkt. # 20).) The court has considered AutoNation's motion, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES AutoNation's motion.

ORDER - 1

A motion for reconsideration is an "extraordinary remedy . . . to be used sparingly[.]" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "Indeed, 'a motion for reconsideration [of a court's prior order] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Local Rules W.D. Wash. LCR 7(h)(1) ("Motions for reconsideration are disfavored" and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.").

AutoNation asserts that the court erred in granting remand because (1) there is no antiremoval presumption for cases invoking the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2); (2) AutoNation has standing as to its declaratory-judgment counterclaim; and (3) the court's conclusion that Mr. Justice did not have Article III standing was manifest error. (MFR at 2-6.) The court disagrees. Although AutoNation is correct that there is no antiremoval presumption under CAFA, *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), the court did not apply this presumption in its analysis. With respect to AutoNation's second two assertions, AutoNation restates the same arguments it raised in its opposition to Mr. Justice's motion to remand, and the court again rejects these assertions for the reasons presented in its January 16, 2026 Order. (*See id.*; MTR Resp. (Dkt. # 10); 1/16/26 Order

ORDER - 2

at 3-8.)  The court's conclusion that Mr. Justice does not have Article III standing and its subsequent remand of the case to state court is consistent with the uniform approach across this District in virtually identically pleaded cases.  *See Hill v. Airgas USA LLC*, No. C25-1531TMC, 2025 WL 3640901, at *3-4 (W.D. Wash. Dec. 16, 2025) (compiling cases); *see also Spencer v. L'Oreal USA Inc et al.*, No. C25-1603LK, 2026 WL 295689, at *3 (W.D. Wash. Feb. 4, 2026) (stating defendants' "informational" injury argument did not establish Article III standing); *Milito v. Wizards of the Coast LLC*, No. C24-1111BJR, 2025 WL 3754049, at *5 (W.D. Wash. Dec. 29, 2025) (rejecting defendants' contentions that plaintiff's allegations represent a cognizable informational injury and that jurisdiction can be found based on their proposed counterclaim under the Declaratory Judgment Act).  Thus, because AutoNation has not identified newly discovered evidence, clear error, or an intervening change in law that would justify reconsideration of the court's January 16, 2026 Order, the court DENIES AutoNation's motion for reconsideration (Dkt. # 21).

Dated this 18th day of February, 2026.

_____

JAMES L. ROBART
United States District Judge

ORDER - 3